UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :       SEALED
          - v. -                  :       SUPERSEDING INDICTMENT
                                  :
MARIANNA LEVIN,                   :       S1 20 Cr. ⎯⎯⎯⎯
TETYANA GOLYAK,                   :
ELENA LOKSHIN,                    :
SVITLANA ROHULYA,                 :
RAMILA SARDAROVA,                 :
MARINA ZAK,                       :
ALINA KUPTSOVA,                   :
MALIHA IJAZ,                      :
DILDORA MARUPOVA,                 :
MAKHINBONU NARZULLAEVA,           :
NATALYA SHVARTS, and              :
INNA GEKELMAN,                    :
                                  :
                Defendants.       :
                                  :
- - - - - - - - - - - - - - - x

## COUNT ONE
### (Conspiracy to Commit Mail Fraud, Wire Fraud, and Health Care Fraud)

#### Overview

The Grand Jury charges:

1.     From in or about 2015, up to and including in or about December 2020, MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA GEKELMAN, the defendants, and others known and unknown, engaged in a widespread fraudulent scheme involving false

billings to Medicaid for home-health and personal-care services that were not actually rendered.[1]

2.    At various times, MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA GEKELMAN, the defendants, worked at or were otherwise associated with one of two licensed homecare service agencies based in Brooklyn, New York ("Agency-1", "Agency-2", collectively referred to as the "Agencies"), that provide home-health and personal-care services to patients residing in all five boroughs of New York City and Nassau County.   The Agencies are affiliated insofar as they share home-health and personal-care aides (the "Aides"), patients, and management.   Combined, the Agencies employed approximately 3,000 Aides.   Most of the Aides were licensed to provide home-health aide services and personal-care services.

3.    Home care is a health service provided in the patient's home to promote, maintain, or restore health or lessen the effects

---

[1] Medicaid is a "federal health care benefit program," as defined by Title 18, United States Code, Section 24(b), co-funded by federal and state governments, that provides medical assistance for indigent individuals who are aged, blind, disabled, or members of families with qualifying dependent children.   In New York State, Medicaid is administered by the New York State Department of Health.

of illness and disability.   Home care includes personal-care services, administered by Aides, including housekeeping, meal preparation, bathing, toileting, and grooming.

4.   At all times relevant to this Indictment, eligible Medicaid beneficiaries in New York were able to seek government-funded home-health and personal-care services through managed long-term care plans ("MLTCs").   In turn, MLTCs received Medicaid funding to pay for their beneficiaries' home-health and personal-care services.   In recent years, home-health costs in New York have ballooned.   In or about January 2020, New York's State budget director announced, in substance and in part, that spending on MLTCs tripled between the 2013 and 2019 fiscal years, representing a $4.8 billion increase.

5.   The Agencies administer home-health and personal-care services to Medicaid beneficiaries enrolled in New York MLTCs. From in or about 2015 to in or about December 2020, Medicaid reimbursed the Agencies hundreds of millions of dollars for home-health and personal-care services.   As alleged herein, a significant portion of the Agencies' billings were fraudulent.

6.   At all times relevant to this Indictment, a "no-show" case referred to a form of health care fraud in which Medicaid (or some other health care benefit plan) was billed for home-health or

personal-care services that were not actually rendered.  With no-show cases at the Agencies, an Aide's fraudulently-obtained wages were often split between the no-show Aide and the no-show patient. For example, in a recorded conversation, INNA GEKELMAN, the defendant, explained this arrangement to a prospective Aide: "[W]hen it comes to the split process.  So I have explained it . . . this way:  the check that you are receiving, net amount is split in half.  Yes, let's say that in one month you receive two checks, for example, for 400.  Yes?  That means 200 is yours and 200 is [the patient's]."

7.    In addition to paying kickbacks to no-show patients, no-show Aides sometimes paid kickbacks to conspirators who referred no-show cases to Aides at the Agencies.

8.    No-show cases were widespread at the Agencies.  At times that no-show Aides claimed to be performing home-health or personal-care services, they in fact, for example, stayed home, ran personal errands, vacationed, and socialized with family and friends.  By doing so, the no-show arrangements caused the Agencies to submit false Medicaid claims to MLTCs.  For example, on or about September 9, 2017, TETYANA GOLYAK, the defendant, was at a vineyard and winery in New Jersey at a time she claimed to be performing personal-care services for a patient residing in Brooklyn, New

York; in or about January 2019, NATALYA SHVARTS, the defendant, was on a Caribbean cruise at a time she claimed to be performing personal-care services for a patient residing in Brooklyn, New York; and, on or about March 1, 2019, MALIHA IJAZ, the defendant, was at a Brooklyn restaurant at a time IJAZ claimed to be performing personal-care services and when agents of the Federal Bureau of Investigation observed IJAZ at the Brooklyn restaurant.

### Relevant Persons

9.    MARIANNA LEVIN, the defendant, a registered nurse, was a manager at Agency-1 and owner at Agency-2.  As a manager at Agency-1, LEVIN helped arrange the placement of no-show Aides to no-show patients.

10.    TETYANA GOLYAK, the defendant, was a director of case coordinators at Agency-1.  In that capacity, GOLYAK supervised all of the other case coordinators at Agency-1, who in turn, oversaw the Aides.  GOLYAK has also worked as a no-show Aide at the Agencies and facilitated kickback payments to no-show patients (*i.e.*, the payment of a portion of an Aide's fraudulently-obtained wages).

11.    ELENA LOKSHIN, the defendant, was formerly a director of human resources at Agency-1 and recruiter of no-show patients.

5

12.   SVITLANA ROHULYA, the defendant, was a case coordinator and supervisor of case coordinators at Agency-1.   In those capacities, ROHULYA assigned and oversaw no-show Aides.

13.   RAMILA SARDAROVA, the defendant, was a case coordinator at Agency-1 and recruiter of no-show patients.   As a case coordinator, SARDAROVA assigned no-show Aides to no-show patients and facilitated kickback payments to no-show patients.

14.   MARINA ZAK, the defendant, was a case coordinator and supervisor at Agency-1 and supervisor at Agency-2.   As a case coordinator, ZAK oversaw no-show Aides and facilitated kickback payments to no-show patients.

15.   ALINA KUPTSOVA, the defendant, was a case coordinator at the Agencies.   As a case coordinator, KUPTSOVA oversaw no-show Aides and facilitated kickback payments to no-show patients.

16.   MALIHA IJAZ, the defendant, worked in Agency-1's intake department and worked as a no-show Aide at Agency-1.

17.   DILDORA MARUPOVA, the defendant, was a case coordinator at Agency-1 and worked as a no-show Aide at the Agencies.   As a case coordinator, MARUPOVA oversaw no-show Aides and facilitated kickback payments to no-show patients.

18.   MAKHINBONU NARZULLAEVA, the defendant, was a case coordinator at Agency-1 and worked as a no-show Aide at the

Agencies.  As a case coordinator, NARZULLAEVA oversaw no-show Aides and facilitated kickback payments to no-show patients.

19.  NATALYA SHVARTS, the defendant, was a registered nurse coordinator at the Agencies and no-show Aide at Agency-1.  As a coordinator, SHVARTS facilitated kickback payments to no-show patients.

20.  INNA GEKELMAN, the defendant, was a recruiter of no-show Aides and no-show patients for Agency-1 and facilitated kickback payments to no-show patients.

### Statutory Allegations

21.  From at least in or about 2015, up to and including in or about December 2020, in the Southern District of New York and elsewhere, MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA GEKELMAN, the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit (i) mail fraud, in violation of Title 18, United States Code, Section 1341; (ii) wire fraud, in violation of Title 18, United States Code, Section 1343; and (iii) health care fraud, in violation of Title 18, United States Code, Section 1347.

22.   It was a part and object of the conspiracy that MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA GEKELMAN, the defendants, and others known and unknown, together with others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice, would and did place in a post office and authorized depositories for mail matter, matters and things to be sent and delivered by the Postal Service, and would and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and would and did take and receive therefrom, such matters and things, and would and did cause to be delivered by mail and such carriers according to directions thereon, and at the places at which they were directed to be delivered by the person to whom they were addressed, such matters and things, in violation of Title 18, United States Code, Section 1341.

23.   It was further a part and object of the conspiracy that MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA,

RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA GEKELMAN, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

24.   It was further part and object of the conspiracy that MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA GEKELMAN, the defendants, and others known and unknown, knowingly and willfully, would and did execute and attempt to execute, a scheme or artifice to defraud a health care benefit program and to obtain by means of false or fraudulent pretenses, representations, and promises, money or property under the custody or control of a health care benefit program in connection with the delivery of and

payment for health care benefits, items and services, in violation of Title 18, United States Code, Section 1347.

(Title 18, United States Code, Section 1349.)

### COUNT TWO
### (Mail Fraud)

The Grand Jury further charges:

25.   The allegations contained in paragraphs 1 through 21 of this Indictment are repeated and realleged as if fully set forth herein.

26.   From at least in or 2015, up to and including in or about December 2020, in the Southern District of New York and elsewhere, MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA GEKELMAN, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, did place and cause to be placed in a post office and authorized depositories for mail matter, matters and things to be sent and delivered by the Postal Service, and did deposit and cause to be deposited matters and things to be sent

10

and delivered by private and commercial interstate carriers, and did take and receive therefrom, such matters and things, and did cause to be delivered by mail and such carriers according to the directions thereon, and at the places at which they were directed to be delivered by the person to whom they were addressed, such matters and things, to wit, the defendants participated in a scheme to defraud Medicaid through the submission of false and fictitious claims for services that were not actually rendered, which scheme involved the transmission of, through commercial interstate carriers, among other things, checks issued by an MLTC located in the Bronx, New York.

(Title 18, United States Code, Sections 1341 and 2.)

### COUNT THREE
### (Wire Fraud)

The Grand Jury further charges:

27.   The allegations contained in paragraphs 1 through 21 of this Indictment are repeated and realleged as if fully set forth herein.

28.   From at least in or about 2015, up to and including in or about December 2020, in the Southern District of New York and elsewhere, MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS,

11

and INNA GEKELMAN, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants participated in a scheme to defraud Medicaid through the submission of false and fictitious claims for services that were not actually rendered, which scheme involved interstate bank wires, emails, and telephone calls, including the electronic transmission of payment information associated with fraudulent claims from a health care payment processor in Florida to an MLTC in the Bronx, New York.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FOUR
### (Healthcare Fraud)

The Grand Jury further charges:

29.  The allegations contained in paragraphs 1 through 21 of this Indictment are repeated and realleged as if fully set forth herein.

30.  From at least in or about 2015, up to and including in or about December 2020, in the Southern District of New York and elsewhere, MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA GEKELMAN, the defendants, and others known and unknown, knowingly and willfully did execute and attempt to execute a scheme or artifice to defraud a health care benefit program, as that term is defined in Title 18, United States Code, Section 24(b), and to obtain, by means of false or fraudulent pretenses, representations, and promises, money or property under the custody or control of a health care benefit program, in connection with the delivery of and payment for health care benefits, items and services, to wit, the defendants participated in a scheme to defraud Medicaid through the submission of false and fictitious claims for services that were not actually rendered including the

submission of fraudulent claims to an MLTC located in the Bronx, New York.

(Title 18, United States Code, Sections 1347 and 2.)

### COUNT FIVE
**(Conspiracy to Violate the Anti-Kickback Statute)**

The Grand Jury further charges:

31.   The allegations contained in paragraphs 1 through 21 of this Indictment are repeated and realleged as if fully set forth herein.

32.   From at least in or 2015, up to and including in or about December 2020, in the Southern District of New York and elsewhere, MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA GEKELMAN, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A), (b)(1)(B), (b)(2)(A), and (b)(2)(B).

33.   It was a part and object of the conspiracy that MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA

14

GEKELMAN, the defendants, and others known and unknown, willfully and knowingly would and did solicit and receive remuneration (including kickbacks, bribes, and rebates), directly and indirectly, overtly and covertly, in cash and in kind, in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

34.   It was a part and object of the conspiracy that MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA GEKELMAN, the defendants, and others known and unknown, willfully and knowingly would and did solicit and receive remuneration (including kickbacks, bribes, and rebates), directly and indirectly, overtly and covertly, in cash and in kind, in return for purchasing, leasing, ordering, and arranging for and recommending purchasing, leasing, and ordering a good, facility, service, and item for which payment may be made in whole and in

part under a Federal health care program, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(B).

35.  It was further a part and object of the conspiracy that MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA GEKELMAN, the defendants, and others known and unknown, willfully and knowingly would and did offer and pay remuneration (including kickbacks, bribes, and rebates), directly and indirectly, overtly and covertly, in cash and in kind, in return for furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program,  in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

36.  It was further a part and object of the conspiracy that MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA GEKELMAN, the defendants, and others known and unknown, willfully and knowingly would and did offer and pay remuneration (including kickbacks, bribes, and rebates), directly and indirectly, overtly and covertly, in cash and in kind, in return for purchasing,

16

leasing, ordering, and arranging for and recommending purchasing, leasing, and ordering any good, facility, service, and item for which payment may be made in whole or in part under a Federal health care program, in violation òf Title 42, United States Code, Section 1320a-7b(b)(2)(B).

### Overt Acts

37.   In furtherance of the conspiracy alleged in Count Five of this Indictment, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about July 2019, TETYANA GOLYAK, the defendant, solicited and received approximately $500 from an Aide for referring a no-show patient to that Aide.

b. In or about March 2019, MARIANNA LEVIN and ELENA LOKSHIN, the defendants, arranged for Agency-1 to pay a kickback to a no-show patient to induce that patient to keep their no-show case at Agency-1.

c. In or about May 2019, SVITLANA ROHULYA, the defendant, arranged to pay an approximately $253 kickback to a no-show patient.

d. In or about February 2019, MARINA ZAK, the defendant, arranged to pay a $44 kickback to a no-show patient.

e. In or about August 2019, MAKHINBONU NARZULLAEVA, the defendant, arranged to pay an approximately $423 kickback to a no-show patient.

(Title 18, United States Code, Section 371.)

### FORFEITURE ALLEGATIONS

38.   As a result of committing the offense alleged in Count One of this Indictment, MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA GEKELMAN, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1), 982(a)(7), and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

39.   As a result of committing the offenses alleged in Counts Two through Four of this Indictment, MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA GEKELMAN, the defendants,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

40.   As a result of committing the offense alleged in Count Five of this Indictment, MARIANNA LEVIN, TETYANA GOLYAK, ELENA LOKSHIN, SVITLANA ROHULYA, RAMILA SARDAROVA, MARINA ZAK, ALINA KUPTSOVA, MALIHA IJAZ, DILDORA MARUPOVA, MAKHINBONU NARZULLAEVA, NATALYA SHVARTS, and INNA GEKELMAN, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

41.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
AUDREY STRAUSS
Acting United States Attorney

20

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MARIANNA LEVIN,
TETYANA GOLYAK,
ELENA LOKSHIN,
SVITLANA ROHULYA,
RAMILA SARDAROVA,
MARINA ZAK,
ALINA KUPTSOVA,
MALIHA IJAZ,
DILDORA MARUPOVA,
MAKHINBONU NARZULLAEVA,
NATALYA SHVARTS, and
INNA GEKELMAN,

Defendants.

### SEALED SUPERSEDING INDICTMENT

S1 20 Cr. ___

(18 U.S.C. §§ 371, 1341, 1343, 1347,
1349, and 2.)

AUDREY STRAUSS
Acting United States Attorney

Foreperson